**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

AMBER COOPER                                                                                          PLAINTIFF

V.                                               3:13CV00281-JJV

CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration                                                                    DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Amber Cooper, appeals the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claims for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act") and for supplemental security Income ("SSI") benefits under Title XVI of the Act.  For reasons set out below, the decision of the Commissioner is AFFIRMED.

**I.      BACKGROUND**

On July 26, 2010, Ms. Cooper protectively filed for SSI and DBI benefits due to back problems, asthma, learning disability, and anemia.  (Tr. 177)  Ms. Cooper's claims were denied initially and upon reconsideration.  At Ms. Cooper's request, an Administrative Law Judge ("ALJ") held a hearing on August 16, 2012, where Ms. Cooper appeared with her lawyer.  (Tr. 84)  At the hearing, the ALJ heard testimony from Ms. Cooper and a vocational expert ("VE").  (Tr. 85-102)

The ALJ issued a decision on September 10, 2012, finding that Ms. Cooper was not disabled under the Act.  (Tr. 23-33)  The Appeals Council denied Ms. Cooper's request for review, making the ALJ's decision the Commissioner's final decision.  (Tr. 1-4)

Ms. Cooper, who was twenty-three years old at the time of the hearing, has an eighth grade

education. (Tr. 88)  She has past relevant work as a fast food worker.  (Tr. 99)

## II.     DECISION OF THE ADMINISTRATIVE LAW JUDGE[1]

The ALJ found that Ms. Cooper had not engaged in substantial gainful activity since October 9, 2009, and she had the following severe impairments: degenerative disc disease (status post laminectomy) and obesity.  (Tr. 25)  However, the ALJ found that Ms. Cooper did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 28)

According to the ALJ, Ms. Cooper has the residual functional capacity ("RFC") to perform sedentary work, but she can only occasionally stoop, crouch, crawl, or kneel.  (Tr. 32, 99)[3]  The VE testified that the jobs available with these limitations were bonders in the electronics industry and small parts mounters.  (Tr. 100)

After considering the VE's testimony, the ALJ determined that Ms. Cooper could perform a significant number of jobs existing in the national economy, and found that Ms. Cooper was not disabled.

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

[3] For some reason, the ALJ's opinion indicates that Ms. Cooper can perform the "full range of sedentary work" but at the hearing, he added the restrictions mentioned above, and the jobs cited by the VE were in response to a hypothetical with these restrictions.  It appears that their absence from the ALJ's opinion was accidental and is harmless error.

**III.   ANALYSIS**

    **A.   Standard of Review**

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision. *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision." *Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed, "simply because some evidence may support the opposite conclusion." *Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

    **B.   Ms. Cooper's Arguments for Reversal**

Ms. Cooper asserts that the Commissioner's decision should be reversed because it is not support by substantial evidence. Specifically, Ms. Cooper contends that the ALJ (1) failed to develop the record regarding her intellectual disability, and (2) improperly disregarded Dr. Lichtor's opinion. (Doc. No. 11)

        1.   Intellectual Disability

Ms. Cooper contends that because she testified at the hearing that she dropped out of school in the eighth grade and cannot read very well, the ALJ should have developed the record regarding her mental impairments. Instead of concluding the ALJ that Ms. Cooper did not have any significant mental impairments, the ALJ should have had a consultative examiner perform an intellectual evaluation and IQ testing. (Doc. No. 11)

3

First, a mental diagnostic exam was conducted on October 4, 2010, and the ALJ relied on this exam to make his findings. During the evaluation, the examiner noted that cognitive impairments were neither complained of nor noticed. (Tr. 532) He also noted that she never had issues getting along with co-workers, had "logical and relevant" speech, and was not "functioning within or near the mentally retarded range." (Tr. 534, 537)

Second, Ms. Cooper worked from age seventeen until the time of her accident a few years later. (Tr. 88-89) Additionally, she indicated she was never fired for inability to get along with others. (Tr. 214) *Krone v. Apfel*, 187 F.3d 642 (8th Cir. 1999) (finding that "despite some evidence of a possible mental impairment," the fact that claimant continued to work indicated that any impairment was not disabling).

Finally, Ms. Cooper did not allege that she had a mental impairment.[4] *Partee v. Astrue*, 638 F.3d 860, 864 (8th Cir. 2011) (Among other things, ALJ may consider the fact that a claimant did not allege an impairment in his complaint when discounting claimant's allegations). If counsel was convinced that this was an issue that needed to be explored more, he could have brought it up at the hearing. Though an ALJ has the duty to develop the record, even when a claimant is represented by counsel, counsel is obliged to do more than sit by idly. *Matthews v. Bowen*, 879 F.2d 422, 425 (8th Cir. 1989) ("The regulations, however, do not require the Secretary or the ALJ to order a consultative evaluation of every alleged impairment.").

    2.    Dr. Lichtor's Opinion

Ms. Cooper asserts that the ALJ should have given more weight to her neurosurgeon's

---

[4] Although Ms. Cooper alleged that she had a "learning disability," I believe that is a different issue than what is raised in her brief. Additionally, the ALJ adequately addressed the "learning disability and pain disorder" claims in his opinion. (Tr. 27)

opinion regarding work-related limitations. (Doc. No. 11) She points out that in February 2011, Dr. Lichtor filled out a Medical Source Statement and indicated that Ms. Cooper could sit for only two hours and stand for only one hour in an eight hour workday. (Tr. 734-735) However, the ALJ gave Dr. Lichtor's opinion "little weight" because it is contrary to the record as a whole. *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012) (An ALJ may discount or even disregard the opinions of a treating physician, when they are inconsistent or where other medical assessments are better supported.).

First, and perhaps most importantly, the opinion contradicts Ms. Cooper's own assessment of her abilities. In the Pain Questionnaire, Ms. Cooper indicated that she could sit for an hour before experiencing any pain. (Tr. 206) It seems to reason that if Ms. Cooper can sit an hour straight before any pain sets in, she can sit for more than two hours over the course of an eight-hour workday. Second, the ALJ noted that the opinion did "not state what period of time it covers" and was unclear as to when the doctor actually last saw Ms. Cooper. From the records, it appears that Dr. Lichtor had not seen her in quite some time. Third, the ALJ pointed out that the opinion was contrary to Ms. Cooper's reported daily activities which "include pet care, shopping, small chores, and going to friends' houses" all of which would require "at least some sustained sitting." (Tr. 31) Additionally, in medical records from September 2011, Ms. Cooper reported that she could dress herself, make her own meals, and do her own shopping. (Tr. 776)

IV.   **CONCLUSION**

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is sufficient evidence in the record as a whole to support the Commissioner's decision.

Accordingly, the Commissioner's decision is affirmed and Ms. Cooper's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 19th day of August, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE